IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID FARRELL, | ) |
|     Plaintiff, | ) Cause No.: 1:23-cv-666 |
| vs. | ) |
| IMMACULATE HEART OF MARY CATHOLIC CHURCH INDIANAPOLIS, INC. d/b/a IMMACULATE HEART OF MARY CATHOLIC SCHOOL and and ROMAN CATHOLIC ARCHDIOCESE OF INDIANAPOLIS, INC. | ) |
|     Defendants, | ) |

**PLAINTIFF'S COMPLAINT FOR DAMAGES
AND REQUEST FOR JURY TRIAL**

Comes now Plaintiff, David Farrell, by counsel, and as his Complaint for Damages against Defendants, Immaculate Heart of Mary Catholic Church Indianapolis, Inc. d//b/a Immaculate Heart of Mary Catholic School and the Roman Catholic Archdiocese of Indianapolis, Inc. (hereinafter referred to collectively as "Defendants"), state as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, David Farrell, is a resident of Hamilton County in the State of Indiana and a former employee of Defendant. Immaculate Heart Catholic School.

2. Defendant, Immaculate Heart of Mary Catholic Church Indianapolis, Inc. d//b/a Immaculate Heart of Mary Catholic School (hereinafter referred to as "Immaculate Heart"), is an employer as defined by 42 U.S.C. § 2000e(b), which conducts business in the State of Indiana.

3. Defendant, Roman Catholic Archdiocese of Indianapolis, Inc., (hereinafter referred to as "The Archdiocese") is an employer as defined by 42 U.S.C. § 2000e(b), which conducts business in the State of Indiana.

4. Mr. Farrell filed a Charge of Discrimination against Immaculate Heart (Charge 470-2022-01849) with the Equal Employment Opportunity Commission on or about March 1, 2022, *inter alia*, alleging that the Defendant had violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

5. The Equal Employment Opportunity Commission issued to Mr. Farrell a 90-day Right to Sue letter on January 31, 2023.

6. Mr. Farrell filed a Charge of Discrimination against The Archdiocese (Charge 470-2022-01851) with the Equal Employment Opportunity Commission on or about March 1, 2022, *inter alia*, alleging that the Defendant had violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

7. The Equal Employment Opportunity Commission issued to Mr. Farrell a 90-day Right to Sue letter on February 3, 2023.

8. Mr. Farrell invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

9. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## General Facts & Specific Allegations

10. Plaintiff, an African American and/or black male was employed at Immaculate Heart as a school resource officer beginning in July 2019.

11. On or around December 14, 2021, Plaintiff arrested a 6th grade student at Immaculate Heart on a charge of intimidation.

12. Mr. Farrell was asked to conduct an investigation into allegations that the student had drawn disturbing and violent pictures, including a picture of a rifle being aimed at the student's teacher.

13. Plaintiff searched the student's backpack and found a picture of a first grader being shot.

14. Plaintiff searched the student's school issued notebook and found that the student had searched a variety of gun-related topics.

15. As per protocol, Plaintiff reported the matter to the principal and the prosecutor's office which instructed Plaintiff to arrest the student.

16. After the student's arrest, a group of white parents circulated a letter stating, among other things, that Plaintiff interrogated students without parental knowledge, and that the school had created a militant bunker mentality.

17. The letter was submitted to Father Sims of The Archdiocese, who oversees the school, and Father Sims suspended Plaintiff and instructed the principal, a white female, to work from home until further notice.

18. Father Sims then notified Plaintiff that he was being moved to a separate role where he would have no interaction with the student population.

19. Plaintiff complained he could not perform his duties as a school resource officer without student interaction.

20. Father Sims then terminated Plaintiff's employment on January 18, 2022.

## Count I
## Title VII Race

21. Plaintiff incorporates by reference Paragraphs one (1) through twenty (20) above.

22. Plaintiff, an African American, at all times met Defendants reasonable employment expectations.

23. Defendant discriminated against Mr. Farrell on the basis of his race when it suspended him, changed the terms and conditions of his employment, and then terminated his employment.

24. Similarly situated employees outside the Plaintiff's class, including Defendants' principal, a white female who was also the subject of the parents' letter to Father Sims, were treated more favorably and not disciplined or terminated in response to the parents' complaints.

25. These actions violated Mr. Farrell's rights and were in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

26. As a result of the foregoing, Mr. Farrell has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

27. As a result of Defendant's actions, Mr. Farrell has incurred attorney fees and costs.

25. Defendant's actions were done with malice or willful reckless disregard to Mr. Farrell's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred and for all other appropriate relief.

## Count II
## Color

26. Plaintiff incorporates by reference Paragraphs one (1) through twenty-five (25) above.

27. Plaintiff, who is black, at all times met Defendants reasonable employment expectations.

28. Defendant discriminated against Mr. Farrell on the basis of his color when it suspended him, changed the terms and conditions of his employment, and then terminated his employment.

29. Similarly situated employees outside the Plaintiff's class, including Defendants' principal, a white female who was also the subject of the parents' letter to Father Sims, were treated more favorably and not disciplined or terminated in response to the parents' complaints.

30. These actions violated Mr. Farrell's rights and were in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

31. As a result of the foregoing, Mr. Farrell has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

32. As a result of Defendant's actions, Mr. Farrell has incurred attorney fees and costs.

33. Defendant's actions were done with malice or willful reckless disregard to Mr. Farrell's rights.

WHEREFORE, Plaintiff prays for judgment against Defendant, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, punitive damages, and for an award of Plaintiff's attorney fees and costs incurred and for all other appropriate relief.

## Count III
## §1981

34. Plaintiff incorporates by reference Paragraphs one (1) through thirty-three (33) above.

35. Plaintiff, at all times, met or exceeded Defendant's legitimate employment requirements.

36. Defendant discriminated against Mr. Farrell on the basis of his race when it suspended him, changed the terms and conditions of his employment, and/or terminated him for performing his duties.

37. Mr. Farrell's race was the was the reason for Defendant's adverse employment actions.

38. Similarly situated white employees, and employees who are not African American, were treated more favorably than Plaintiff.

39. These actions were in violation of 42 U.S.C. § 1981.

40. As a result of the foregoing, Mr. Farrell has sustained damages including, but not limited to, lost wages and benefits, emotional suffering, anguish, embarrassment and humiliation.

41. As a result of Defendant's actions, Mr. Farrell has incurred attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendants, an award of damages sufficient to compensate Plaintiff for his injuries, including lost pay and benefits, compensatory damages, and for an award of Plaintiff's attorney fees and costs incurred herein, and for all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

*/s/ Paul J. Cummings*
Paul J. Cummings, 22713-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

*/s/ Paul J. Cummings*
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS & PAGE
1634 W. Smith Valley Road - Suite B
Greenwood, IN  46142
(317) 885-0041
(888) 308-6503 Fax